# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-5084**                                    **September Term, 2021**

**1:21-cv-00231-UNA**

**Filed On:** February 3, 2022

Willie Horton,

       Appellant

    v.

United States Attorney General, et al.,

       Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Wilkins, Rao, and Jackson, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motions to appoint counsel, and the motion for clarification, it is

**ORDERED** that the motions to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for clarification be dismissed as moot. Insofar as appellant has expressed concern about a statement in this court's order filed September 29, 2021, that he had failed to timely file a brief, the court has received and accepted his brief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed March 8, 2021, be affirmed. Appellant has not demonstrated that he lacks adequate alternative means to attain the relief he desires, and the district court therefore did not err in denying his petition for writ of mandamus. See, e.g., Power v. Barnhart, 292 F.3d

**No. 21-5084**                                        **September Term, 2021**

781, 784 (D.C. Cir. 2002).

Appellant sought in the district court an order compelling the government to disclose certain records related to a joint investigation of crimes occurring at the facility where he was incarcerated at the time of the murder for which he was convicted in 1989. Appellant has not demonstrated that he lacks an adequate alternative remedy under the Freedom of Information Act ("FOIA"). He has not alleged that the records lie outside the scope of FOIA. On the contrary, appellant appears to assert that he has requested and obtained some records related to the issues giving rise to this case, and he has not provided this court with sufficient information related to his prior FOIA request to demonstrate that his remedy under FOIA is inadequate.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk